IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| T. Morris Hackney, | ) | Case No.: 04-06193-BGC-7 |
| Debtor. | ) | |
| AmSouth Bank, | ) | |
| Plaintiff, | ) | |
| vs. | ) | A. P. No.: 04-00136 |
| T. Morris Hackney, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on a <u>Motion to Substitute Trustee as the Real Party in Interest</u> filed on April 11, 2005, by the Trustee; and on <u>Objections of AmSouth Bank to the Trustee's Motion to Substitute the Trustee as the Real Party-in-Interest in Adversary Proceeding No. 04-00136</u> filed on April 26, 2005, by AmSouth Bank.

After notice, a hearing was held on April 27, 2005. Appearing were: Kimberly Glass and Bill Meyers for the debtor; David Donaldson for Wilmington Trust, Sheldon Hackney, Hackney Family Trusts, Hackney Investments LLC II, and Hackney Investments LLC III; Dennis Schilling for the Trustee; Dave Evans for AmSouth Bank; Brandy Lee for Morris Hackney Irrevocable Trust, Wilmington Trust Company; Hackney One Investments LLC and Sheldon Hackney; Eddie Leitman for Brenda Hackney; Von Memory for Sterling Bank; Matt Grill for First American Bank; Daniel Sparks for Citizens Business Credit; and Edward Hutton a representative for AmSouth Bank.

In summary, the basis facts are these. AmSouth filed a complaint in state court against the debtor and others alleging the fradulent conveyance of certain property. That case was removed to this Court by the debtor after the debtor filed the instant case. AmSouth is neither a judgment creditor nor a lien creditor of the debtor.

The trustee asks to be replaced as the plaintiff in the removed proceeding. AmSouth contends that the allegedly fraudulently conveyed property is not property of the estate and that it, (AmSouth), remains the proper party to prosecute any fraudulent conveyance claims.

Section 544 of the Bankruptcy Code defines a bankruptcy trustee's powers in regard to estate property that may have been transferred. Section 544 empowers a trustee to avoid certain transfers. See 11 U.S.C. § 544.

There is little dispute about what authority that section imparts on a trustee in regard to a fraudulent conveyance, in relation to a general creditor of the debtor. In Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689 (Ala. 1943), the Alabama Supreme Court recognized:

> The principle is well sustained that in general a creditor of a bankrupt cannot after bankruptcy maintain an action to set aside a fraudulent conveyance made by the bankrupt; and that after the appointment of a trustee, he alone may do so, though the conveyance was executed more than four months before the bankruptcy. 6 Amer.Jur. 657, section 243; Ruhl-Koblegard v. Gillespie, 61 W.Va. 584, 56 S.E. 898, 10 L.R.A.,N.S., 305, 11 Ann.Cas. 929, 22 A.B.R. 643; Trimble v. Woodhead, 102 U.S. 647, 26 L.Ed. 290; Neuberger v. Felis, 203 Ala. 142, 82 So. 172; see Maynor v. Schaefer, Ala.Sup., 11 So.2d 846; Barrett v. Kaigler, 200 Ala. 404, 76 So. 320.

Id. at 330. See this Court's opinion in In re Speir, 190 B.R. 657 (Bkrtcy. N.D. Ala. 1995).

The Court of Appeals for the Fifth Circuit reached the same conclusions in Carlton v. Baww, Inc., 751 F.2d 781 (5th Cir. 1985). That court recognized:

> [The debtor's]... bankruptcy clearly had a profound impact on this action. In In re Mortgageamerica Corp., 714 F.2d 1266 (5th Cir.1983), we examined the effect of the transferor's intervening bankruptcy on a creditor's state-law attempts to void a fraudulent transfer. We held that property that the debtor has fraudulently conveyed remains "property of the estate," see 11 U.S.C. § 541(a)(1): "The automatic stay under [11 U.S.C.] section 362(a) thus applies and prevents a creditor from continuing to pursue a cause of action under the Texas Fraudulent Transfers Act after a petition for bankruptcy has been filed [by the transferor]." Id. at 1275. Thus, Shelton's bankruptcy, standing alone, barred prosecution of this lawsuit.
>
> Bankruptcy did not, however, forever extinguish the right to recover property that... [the debtor] may have fraudulently conveyed. **Bankruptcy simply caused that right to vest in the trustee and placed the future of this lawsuit within the control of the bankruptcy court**. See In re Mortgageamerica Corp., 714 F.2d at 1275 (citing Glenny v. Langdon, 98 U.S. 20, 30, 25 L.Ed. 43 (1878)).

Id. at 785 (certain parentheticals added) (emphasis added).

Section 541 of the Bankruptcy Code defines the property of a bankruptcy estate to include, "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). In In re Mortgageamerica Corp., 714 F.2d 1266 (5th Cir. 1983) explained the relationship of section 541 to section 544. The court wrote:

> We think that when... a debtor is forced into bankruptcy, it makes the most sense to consider the debtor as continuing to have a "legal or equitable interest[ ]" in the property fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy Code.
>
> ****
>
> The legislative history of section 541(a)(1) reinforces this conclusion. The House report accompanying the bill stated that section 541(a)(1) was intended to "include[ ] all kinds of property, including tangible or intangible property, causes of action ..., and all other forms of property currently specified in section 70a of the Bankruptcy Act ...." H.R.Rep. No. 595, supra, at 367, 1978 U.S.Code Cong. & Ad.News at 6323. Section 70(a), in turn, included a reference to "property transferred by [the debtor] in fraud of his creditors," Bankruptcy Act of 1898, ch. 541, § 70(a)(4), 30 Stat. 544, 566 (repealed 1979) (reenacting without material change Bankruptcy Act of 1867, ch. 176, § 14, 14 Stat. 517, 523), which was apparently meant to include a reference to state, as well as federal law. See 4A Collier on Bankruptcy ¶ 70.14[1] (14th ed. 1978). In any event, the Supreme Court held in 1878 that an action based on such a fraudulent transfer "vested in the [trustee]," and therefore could not be brought by a creditor acting alone and without the court's express permission. Glenny v. Langdon, 98 U.S. 20, 22, 27-31, 25 L.Ed. 43 (1878). We do not think that the 1978 Congress meant to change this result when it eliminated the old section 70(a)(4) in favor of the new sections 541(a)(1) (property of the estate), 544 (incorporation of state fraudulent conveyance law), and 548 (federal fraudulent conveyance law).
>
> This result also does the most to further the fundamental bankruptcy policy of equitable distribution among creditors. See 11 U.S.C. § 726. The "strong arm" provision of the current Code, 11 U.S.C. § 544, allows the bankruptcy trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors, not just those who win a race to judgment. See 4B Collier on Bankruptcy ¶ 70.71, at 788-89 (14th ed. 1978). A trustee acting under section 544 "acts as a representative of creditors," Hassett v. McColley (In re O.P.M. Leasing Services, Inc.), 28 B.R. 740, 760 (Bkrtcy.S.D.N.Y.1983), and any property recovered is returned to "the estate for the eventual benefit of all creditors." Johnson v.

3

First National Bank (In re Johnson), 28 B.R. 292, 297 (Bkrtcy.N.D.Ill.1983) (emphasis added); accord, Segarra v. Banco Central y Economias (In re Segarra), 14 B.R. 870, 878 (Bkrtcy.D.P.R.1981) ("These 'strong arm' provisions help a trustee to avoid certain obligations of a debtor for the benefit of all creditors."). The Supreme Court has, in fact, expressly noted that section "541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code," which would include property made available through section 544. Whiting Pools, supra, 103 S.Ct. at 2313. Actions for the recovery of the debtor's property by individual creditors under state fraudulent conveyance laws would interfere with this estate and with the equitable distribution scheme dependent upon it, and are therefore appropriately stayed under section 362(a)(3). Any other result would produce near anarchy where the only discernible organizing principle would be first-come-first-served. Even without the Bankruptcy Code and the policies that support it, we would be reluctant to elevate such a principle to a rule of law.

Id. at 1275-76.

AmSouth is not a lien creditor of this debtor. AmSouth is not a judgment creditor of the debtor. Therefore AmSouth, like all other general creditors will be represented by the trustee in any fraudulent conveyance actions that might be brought in this case. Consequently, the trustee, not AmSouth, is the proper party to prosecute any fraudulent conveyance action in this case.

Finally, AmSouth argues that if the Court allows the trustee to become the plaintiff that the trustee would compromise the fraudulent conveyance claims for less than AmSouth believes those claims are worth. If the trustee enters into any compromise or settlement, that settlement must be approved by this Court. See this Court's opinions in In re Golden Mane Acquisitions, Inc., 221 B.R. 963, (Bankr. N.D. Ala. 1997) and In re Speir, 190 B.R. 657 (Bkrtcy. N.D. Ala. 1995). If such a settlement or compromise is presented to the Court, AmSouth, like all creditors may take a position before this Court.

Based on the arguments of counsel and the pleadings, it appears to the Court that the Motion to Substitute Trustee as the Real Party in Interest is due to be granted and the Objections of AmSouth Bank to the Trustee's Motion to Substitute the Trustee as the Real Party-in-Interest in Adversary Proceeding No. 04-00136 is due to be denied. A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: June 1, 2005

BC:pb

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge